## YEAGER V. STATE.
## (No. 718.)

APPEAL AND ERROR—BRIEFS—FAILURE TO FILE—DISMISSAL.

1. A petition in error having been filed in a criminal case April 24, 1912, and no brief being filed in the case for the plaintiff in error, but a motion to dismiss for failure to file and serve brief being filed September 29, 1913, and counsel for plaintiff in error not appearing to resist the motion, a dismissal of the case is proper.

[Decided Dec. 20, 1913.]                    (136 Pac. 1195.)

ERROR to the District Court, Albany County; HON. RODERICK N. MATSON, Judge.

Heard on Motion to Dismiss.

*Charles L. Rigdon* and *Wilfrid C. O'Leary,* for plaintiff in error.

*D. A. Preston,* Attorney General, for the State.

BEARD, JUSTICE.

The plaintiff in error, C. C. Yeager, was on April 29, 1911, convicted of the crime of murder in the second degree and sentenced to a term in the penitentiary by the District Court of Albany county. A petition in error in said case was filed in this court April 24, 1912, and on June 9, 1912, the original papers, bill of exceptions and transcript of the journal entries were filed. Since said last mentioned date nothing further has been done by plaintiff in error or his counsel in the case. No brief has been filed in his behalf and no

application for time to do so, beyond the time allowed by the rules of this court, has been applied for or granted. On September 29, 1913, the attorney general filed a motion to dismiss the proceedings in error for the reason that no brief had been filed by or in behalf of plaintiff in error. Service of notice of the filing of said motion and of the time the same would be presented to the court was acknowledged, in writing thereon, on the..........day of September, 1913. On November 17, 1913, said motion was submitted to the court by the attorney general, there being no appearance by counsel for plaintiff in error in resistance to said motion, or any objections thereto filed. Such being the state of the case, the cause might, under the rules, be dismissed without further consideration. Supreme Court Rule 21 (18 Wyo. xii, 104 Pac. xiv) provides: "When the plaintiff in error or party holding the affirmative has failed to file and serve his brief as required by these rules, the defendant in error or party holding the negative may have the cause dismissed, or may submit it with or without oral argument." But on account of the nature of the case, we have read the evidence and have examined the instructions and record presented. There is some conflict in the testimony, but we think it sufficient to fully sustain the verdict and judgment; and we discover no prejudicial error in the instructions, or anything in the record disclosing that the plaintiff in error did not have a fair and impartial trial.

The motion to dismiss the proceedings in error will be granted and the cause dismissed; and it is so ordered.

*Dismissed.*

SCOTT, C. J., concurs.
POTTER, J., did not sit.